UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALFONSO BOBBY CANTU RAMIREZ,

Plaintiff,

v.

HOPE MUINOZ, et al.,

Defendants.

No. 2:19-cv-0309 CKD P

ORDER

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.    Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 8, 11. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

2

1  cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

2  R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

3      "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

4  relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

5  Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

6  content that allows the court to draw the reasonable inference that the defendant is liable for the

7  misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this

8  standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

9  Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the

10  light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v.

11  McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

12      III.    Complaint

13      Plaintiff alleges that defendants California State Prison (CSP)-Solano, Marlaina

14  Deynoncouy, Kirton Patel, and Uman Ali violated his rights under the Eighth Amendment when

15  they were deliberately indifferent to his serious medical needs. (ECF No. 1 at 2-4.) Specifically,

16  he alleges that Deynoncouy held him in administrative segregation without any justification for

17  an excessive amount of time, which "led to the further deterioration of [his] kidney and [his]

18  brain." (Id. at 4.) Defendants Patel and Ali allegedly allowed him to be released from the

19  hospital a day before his ten-day treatment for an e. coli infection was completed. (Id.) Although

20  he was supposed to be transported back to the prison by ambulance so that his PICC line would

21  stay in place and his treatment could be completed, he was transported by state vehicle and the

22  PICC line was removed with Patel and Ali's knowledge. (Id. at 3-4.) When he arrived at the

23  prison they did not know how to treat him. (Id. at 3.) Finally, he alleges that CSP-Solano had

24  him transferred to multiple locations, some of which were unable to provide him proper medical

25  treatment, which resulted in his health further deteriorating. (Id.)

26      IV.    Failure to State a Claim

27      A.  Deliberate Indifference

28      "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

3

must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989) (citations omitted); Toguchi, 391 F.3d at 1058 (citation omitted). To establish a difference of opinion rises to the level of deliberate indifference, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (citation omitted).

i.   Defendant Deynoncouy

Plaintiff's conclusory allegation that defendant Deynoncouy's decision to keep him in administrative segregation led to the further deterioration of his kidney and brain is insufficient to state a claim for relief. There is no explanation as to how keeping him in administrative segregation caused his health to deteriorate nor are there facts that show that Deynoncouy was aware that keeping plaintiff in administrative segregation posed an excessive risk to his health.

4

Furthermore, the vague allegation that his brain and kidney deteriorated is insufficient to show he had a serious medical need or establish that he suffered an injury that is attributable to Deynoncouy's actions. This claim will therefore be dismissed with leave to amend.

       ii. Defendants Patel and Ali

The allegations against defendants Patel and Ali also fail to state claims for relief. There is nothing to indicate that Patel and Ali's decisions to release plaintiff back to the prison one day early or to allow him to be transported by state vehicle and have his PICC line removed were medically unacceptable or constitute more than a difference in opinion as to how plaintiff's treatment should have been handled. Nor is there any explanation as to what injury plaintiff sustained as a result of these decisions. Plaintiff's further allegation that the prison did not know how to treat him also fails to state a claim because there are no facts showing that Patel or Ali had reason to believe that plaintiff would not receive appropriate treatment once he was returned to the prison or that he was injured as a result. These claims will be dismissed with leave to amend.

    B. CSP-Solano

Plaintiff's claims are against CSP-Solano are barred by sovereign immunity. "[A]n unconsenting State is immune from suits brought in federal courts by her own citizens." Edelman v. Jordan, 415 U.S. 651, 662-63 (1974) (citations omitted). "Will[v. Mich. Dept. of State Police, 491 U.S. 58 (1989)] establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court." Howlett v. Rose, 496 U.S. 356, 365 (1990). Accordingly, because CSP-Solano is an arm of the state, plaintiff's claim against the prison is barred and fails to state a claim.

    V.    Leave to Amend

If plaintiff chooses to file a second amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link

or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a second amended complaint, any previous complaints no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.     Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

The complaint is dismissed with leave to amend because the facts you have alleged are not enough to state a claim for relief. You have not provided enough information about what each of the defendants did that violated your rights and you have not explained what injury you suffered. You also cannot sue the prison because it is a state agency.

If you choose to amend your complaint, the second amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint. **Any claims and information not in the second amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF Nos. 8, 11) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff

is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

§ 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's first amended complaint is dismissed with leave to amend.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: April 24, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:rami0309.14.new