UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO BOBBY CANTU RAMIREZ,<br><br>Plaintiff,<br><br>v.<br><br>HOPE MUINOZ, et al.,<br><br>Defendants. | No. 2:19-cv-0309 CKD P<br><br><br><br>ORDER |

Plaintiff has requested the appointment of counsel. (ECF No. 20.) The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

1

Plaintiff requests the appointment of counsel on the grounds that he has limited education and his incarceration limits his abilities to prosecute this case. (ECF No. 20 at 1-2.) He has also attached a number of medical records without any explanation. (<u>Id.</u> at 4-28.) The circumstances alleged by plaintiff are common to most inmates and do not establish the exceptional circumstances necessary to warrant the appointment of counsel. To the extent plaintiff may be attempting to demonstrate that his medical condition necessitates the appointment of counsel, he has failed to explain how his medical condition prevents him from pursuing this case without assistance, and the records submitted do not demonstrate such an inability.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (ECF No. 20) is denied.

Dated: June 18, 2019

_CAROLYN K. DELANEY_
UNITED STATES MAGISTRATE JUDGE

13:rami0309.31