UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO BOBBY CANTU RAMIREZ, | No. 2:19-cv-0309 CKD P |
| Plaintiff, | |
| v. | ORDER |
| HOPE MUINOZ, et al., | |
| Defendants. | |

Plaintiff has filed another motion requesting the appointment of counsel. (ECF No. 26.) The motion is made on the same form as his previous motion and now states that he has a sixth-grade education rather than a tenth-grade education. (Compare ECF No. 20 with ECF No. 26.) He further states that he got an E. coli infection that "really messed up [his] health," that his PICC line was removed a day too soon, and that the CDCR is to blame for his bad health. (ECF No. 26.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

////

1     "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

    Plaintiff's limited education and limited ability to prosecute this case due to his incarceration are circumstances common to most inmates and do not establish the exceptional circumstances necessary to warrant the appointment of counsel. To the extent plaintiff may be attempting to demonstrate that his medical condition necessitates the appointment of counsel, he has failed to explain how his medical condition prevents him from pursuing this case without assistance.

    Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for appointment of counsel (ECF No. 26) is denied.

Dated: August 20, 2019

    */s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:rami0309.31.2d