UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO BOBBY CANTU RAMIREZ,<br><br>Plaintiff,<br><br>v.<br><br>HOPE MUINOZ, et al.,<br><br>Defendants. | No. 2:19-cv-0309 CKD P<br><br><br><br>ORDER |

Plaintiff has filed another motion requesting the appointment of counsel. (ECF No. 29.) The motion is made on the same form as his previous motions and states that he has a tenth-grade education. (Id.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden

1

of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

As plaintiff has been previously advised, his limited education and limited ability to prosecute this case due to his incarceration are circumstances common to most inmates and do not establish the exceptional circumstances necessary to warrant the appointment of counsel. Furthermore, while it appears that plaintiff may be attempting to demonstrate that his medical condition necessitates the appointment of counsel by attaching medical records, he has failed to explain the significance of the records and review of the records does not reveal how his condition requires the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for appointment of counsel (ECF No. 29) is denied.

Dated:  September 4, 2019

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:rami0309.31.3d