| | |
|---|---|
| ALFONSO BOBBY CANTU RAMIREZ,<br><br>Plaintiff,<br><br>v.<br><br>HOPE MUINOZ, et al.,<br><br>Defendants. | No. 2:19-cv-0309 CKD P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

By order filed July 11, 2019, the undersigned screened the second amended complaint and dismissed it with leave to amend. (ECF No. 25.) Plaintiff has now filed a third amended complaint (ECF No. 33), as well as two more motions for appointment of counsel (ECF Nos. 31, 32).

I.     Third Amended Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The third amended complaint names Hope Muinoz, Marlaina Deyroncouy, Leticia Mandragon, and medical staff at the county hospital as defendants. (ECF No. 33 at 2.) Plaintiff

1

alleges that he was denied medical care at California State Prison-Solano and that as a result he suffered damage to his brain and kidney. (Id. at 3.) He further states that he had liver cancer and does not know "how much damage was done to [his] body when medical staff removed a pick [sic] line" one day early when he was getting treatment for e. coli. (Id.)

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted). Plaintiff has once again failed to allege any specific actions by any defendant, and in fact provides even less information than was previously provided, despite clear directions from the court that he needed to explain what each defendant did. (ECF Nos. 13, 25.) In dismissing the second amended complaint with leave to amend, the Court warned plaintiff that it would be his final opportunity to amend. (ECF No. 25 at 2.)

II. No Leave to Amend

If the court finds that a complaint or claim should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06.

In light of plaintiff's repeated failures to provide additional information about his claims despite specific instructions from the court, the undersigned finds that further leave to amend would be futile and the third amended complaint should be dismissed without leave to amend.

2

Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

### III. Motions for Counsel

Plaintiff has filed two more motions for appointment of counsel that are substantially similar to his previous motions and therefore fail to establish appointment of counsel is warranted for the same reasons. (Compare ECF Nos. 31, 32 with ECF Nos. 20, 23, 26, 29.) Appointment of counsel should also be denied in light of the recommended dismissal of the third amended complaint without leave to amend.

### IV. Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that the third amended complaint be dismissed without leave to amend because you have not explained what any of the defendants did even after you were told twice that you needed to give more facts.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for appointment of counsel (ECF Nos. 31, 32) are denied.

2. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the third amended complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 30, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:rami0309.dismiss.f&r

3